# THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 4:16CR25(2) |
| | § | |
| JERMAINE WEBSTER HARRIS (2), | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

On November 3, 2016, the Court held a hearing on Defendant Jermaine Webster Harris' Motion to Suppress Defendant's Statement (Dkt. 66) and Motion to Suppress evidence obtained after the execution of a search warrant on his Samsung phone (Dkt. 67), the matter having been referred to the undersigned by the Honorable Marcia A. Crone (see Dkt. 63). The Government has filed a response in opposition. *See* Dkt. 78. Defendant Harris challenges the search of his Samsung cellular telephone with corresponding number (xxx) xxx-7904, contending that there was no probable cause to issue the warrant. *See* Dkt. 67. Defendant Harris also seeks to suppress his statement made to law enforcement after his arrest on December 24, 2015, contending that his statement was not made voluntarily. *See* Dkt. 66.

Having considered the motions to suppress, the response, and the arguments of counsel at the hearing, as well as the applicable legal authorities, the Court recommends that both motions (Dkts. 66 and 67) be **DENIED**.

### EVIDENCE PRESENTED

At the hearing, the Government offered the testimony of ATF Special Agent Selwyn DeLoach. DeLoach was the affiant for the search warrant at issue. According to Agent

1

DeLoach, an armed home invasion robbery occurred on December 9, 2015, in Frisco, Texas. Firearms were stolen from the residence. He testified that during the course of the investigation, he determined that Defendant Harris' cellular telephone number was (xxx) xxx-7904. Utilizing electronic surveillance techniques, Agent DeLoach located the cellular telephone, and thereafter, conducted physical surveillance to learn that Defendant Harris was located at his mother's residence in Lewisville, Texas.

On December 24, 2015, at the residence of Defendant Harris' mother, Agent DeLoach, along with the Lewisville Police Department, executed an arrest warrant for Defendant Harris on state charges of credit card abuse. Agent DeLoach testified that Defendant was advised of his *Miranda* rights at the time of his arrest. He further testified that Defendant Harris was transported to the Lewisville jail and was again advised of his *Miranda* warnings prior to being questioned by law enforcement. The ATF Advice of Rights and Waiver Form signed by Defendant Harris was offered and admitted into evidence. *See* Exh. 1. An excerpt of the video recording of Defendant Harris' interview with law enforcement was shown during the hearing. The video shows Agent DeLoach advising Defendant Harris of his *Miranda* rights, and after briefly reviewing it, Defendant Harris signing the form. The videotape was also offered and admitted into evidence. *See* Exh. 2.

Agent DeLoach testified that during the arrest, he spoke with Defendant Harris' mother, who gave permission to search her residence. During the search, a cellular phone was found, which Defendant Harris' mother identified as belonging to Defendant Harris. The recovered cellular telephone's number was (xxx) xxx-7904. Agent DeLoach testified that because there was probable cause to believe that evidence related to the crime would be located on the cellular phone, he applied for a search warrant for the cellular telephone. Agent DeLoach testified that on

January 12, 2016, he provided a search warrant and affidavit, which included the pertinent information to establish probable cause to United Magistrate Judge Don D. Bush (now retired). Agent DeLoach further testified that the search warrant and affidavit specifically outlined Defendant Harris' involvement in the armed home invasion robbery on December 9, 2015, how law enforcement determined Defendant Harris' cellular telephone number, the electronic and physical surveillance conducted to locate both the cellular telephone and Defendant Harris, and how the phone was located during Defendant Harris' arrest after his mother gave consent to search her home. Finding probable cause to search the cellular phone, the search warrant was issued and executed the same day. A copy of the search warrant and affidavit was offered by the Government and admitted into evidence at the suppression hearing. *See* Exh. 3. The download of data from the cellular telephone was also offered and admitted into evidence. *See* Exh. 4.

Defendant did not present any evidence to the Court.

**ANALYSIS**

On November 10, 2016, Defendant Harris filed a motion to suppress defendant's statement (Dkt. 66) and a motion to suppress evidence obtained after the execution of a search warrant on his cellular phone (Dkt. 67). On October 17, 2016, the Government filed a Response in opposition to both motions. *See* Dkt. 78 [Sealed]. The Government filed its exhibit list on November 2, 2016.

Defendant requests the suppression of "any statement to law enforcement during Defendant's custodial interrogation on December 24, 2015 that was not voluntarily made nor was in compliance with 18 U.S.C. § 3501 and the United States Constitution." However, Defendant's motion (Dkt. 66) offers no evidence or arguments to establish any basis for suppressing his statement. The Government responds that the video recording of Defendant

Harris' interview with law enforcement clearly shows him being advised of his *Miranda* warnings prior to being questioned. *See* Dkt. 78. In order for the Government to introduce Defendant's statements, it generally must prove that the accused voluntarily, knowingly and intelligently waived his *Miranda* rights. *Miranda v. Arizona*, 384 U.S. 436 (1966). To prove a valid waiver, the Government must show that the relinquishment of the defendant's rights was voluntary and that the defendant was fully aware that the right was being waived and the consequences of waiving that right. *Id.*

The Court finds that Defendant Harris voluntarily and knowingly waived his rights prior to being interrogated by Agent DeLoach. According to the evidence before the Court, he signed a written waiver form, and, as shown by the video, Agent DeLoach read the form aloud prior to presenting it to Defendant Harris. Furthermore, the video shows that Defendant Harris reviewed the form before signing it. Defendant's demeanor in the video appears relaxed and cooperative, and there is no evidence that would show that he was coerced in any way to make such a waiver or that he did not understand his rights. There are no grounds to suppress any statements made to law enforcement.

Defendant Harris also asserts that the search warrant was not based on probable cause. *See* Dkt. 67. It is undisputed that probable cause is necessary to support the issuance of a valid search warrant. *United States v. Perez*, 484 F.3d 735, 740 (5th Cir. 2007). "Probable cause does not require proof beyond a reasonable doubt, but only a showing of the probability of criminal activity." *United States v. Daniel*, 982 F.2d 146, 151 (5th Cir. 1993). Rather, probable cause is determined through an examination of a totality of the circumstances. *U.S. v. Fields*, 456 F. 3d 519, 523 (5th Cir. 2006). Thus, in determining the validity of a search warrant, a court must "make a practical, common-sense decision as to whether, given all the circumstances set forth in

the affidavit . . . , there is a fair probability that contraband or evidence of a crime will be found at a particular place." *United States v. Froman*, 355 F.3d 882, 889 (5th Cir. 2004) (citations omitted).

The Court finds that, based on a review of the record and the applicable governing authorities, the affidavit to search Defendant Harris' cellular phone was valid, and there was probable cause to believe that evidence relating to the crime, as well as the existence of a criminal enterprise organization, and the identity of unknown co-conspirators.

At the hearing, Defendant argued that the affidavit was "conclusory" and "lacked sufficient detail" to establish probable cause. The Court disagrees and finds the affidavit, given the totality of the circumstances, contains sufficient information to connect Defendant Harris' cellular phone to the armed home invasion robbery on December 9, 2015. *U.S. v. Sibley*, 448 F.3d 754, 758 (5th Cir. 2006) (finding there was sufficient information in an affidavit such that it was not unreasonable to believe there was probable cause to search an apartment where information in the affidavit linked the defendant to the apartment and to possession of marijuana and the apartment and its occupants to prior drug activity); *U.S. v. Sauls*, 192 Fed. App'x 298, 299-300 (5th Cir. 2006) (finding that affidavit reflecting investigation into utilities and cars at residence, criminal history of defendant and a search of garbage placed on the street containing mail and plastic baggies with drug residue, "in its totality, supported a good faith conclusion by an objectively reasonable officer that the affidavit on which the warrant was based was adequate to establish probable cause").

Here, there is sufficient information in the affidavit linking Defendant Harris and his cellular telephone to the armed home invasion robbery on December 9, 2015. During the investigation, a co-conspirator identified "Jermaine" as a participant in the armed home invasion

robbery on December 9, 2015, and provided telephone numbers of "Jermaine" and other co-conspirators. According to his affidavit, Agent DeLoach observed a "contact card" on the co-conspirator's phone with the name "Jay Jermain (Big Bro)" and telephone number (xxx) xxx-7904. After obtaining telephone records for the number associated with "Jermaine," law enforcement determined that Defendant Harris was the subscriber of said telephone number. Defendant Harris was further identified by a co-conspirator through a photograph. Defendant's argument that the Government failed to establish the reliability of the co-conspirator is unpersuasive, given that the information provided by the co-conspirator was corroborated by other electronic and physical evidence.

Moreover, even if probable cause had been insufficient here—which the Court finds that it was not—the Court finds that law enforcement acted in good faith reliance on the search warrant when executing it. Under the good faith exception to the exclusionary rule, evidence is admissible if it is obtained by law enforcement officers acting in objectively reasonable reliance on a search warrant issued by a detached and neutral magistrate judge. *United States v. Leon*, 468 U.S. 897, 927-28 (1984). Nothing in the record and nothing presented to the Court indicates that any of the information contained in the affidavit was deliberately false or misleading. There is no showing of bad faith by any law enforcement officer connected to this case. Therefore, the search will not be suppressed on that basis.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court recommends that Defendant Jermaine Webster Harris' Motion to Suppress Defendant's Statement (Dkt. 66) and Motion to Suppress evidence obtained after the execution of a search warrant on his Samsung phone (Dkt. 67) be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C.A. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days)**.**

**SIGNED this 4th day of November, 2016.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE