| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| *versus* | § | CASE NO. 4:16-CR-25(2) |
| | § | |
| JERMAINE WEBSTER HARRIS | § | |

**MEMORANDUM AND ORDER ON GOVERNMENT'S MOTION IN LIMINE**

Pending before the court is the Government's Motion in Limine (#142), wherein it broadly requests that the defendant's counsel approach the bench before attempting to offer evidence about plea negotiations, specific acts of conduct of a witness other than those outlined in Federal Rule of Evidence 609, reputation testimony about the Government's witnesses, and any punishment faced by the defendant if he is convicted. The defendant objects only to the second of the Government's requests, concerning specific acts of conduct. Accordingly, the Government's motion is GRANTED with respect to its other requests.

Regarding specific acts of conduct, the Government's motion encompasses a broad, "shotgun" request. *See Garcia v. Hackman*, No. C-10-311, 2012 WL 401042, at *3 (S.D. Tex. Feb. 6, 2012); *Estate of Wilson v. Mariner Health Care, Inc.*, No. 2:07-CV-55, 2008 WL 5255819, at *1 (N.D. Miss. Dec. 16, 2008). Harris's response, however, is of concern to the court, in that he indicates his intention to inquire into previous arrests or indictments of testifying witnesses, as well as about their propensity for "extreme violence," in order to impeach their credibility by challenging their character for truthfulness or untruthfulness. Federal Rule of Evidence 608(b) permits a cross-examiner to inquire about acts relevant to a witness's character for truthfulness or untruthfulness. It does not, however, permit the introduction of extrinsic evidence to support such inquiry. FED. R. EVID. 608(b). Additionally, "inquiry into the mere

existence of an arrest or indictment is not admissible to impeach [a witness's] credibility under [Rule] 608(b)." *United States v. Abadie*, 879 F.2d 1260, 1267 (5th Cir.), *cert. denied*, 493 U.S. 1005 (1989).

Based on Harris's response, the court is concerned about the possibility that prior bad acts, arrests, or "extreme violence" will be offered for impermissible purposes or in an improper manner. Accordingly, the court finds that the Government's request should be GRANTED. Counsel is ORDERED to approach the bench and obtain a ruling on admissibility before offering evidence about any specific acts of conduct of any witness, other than those permitted by Rule 609.

SIGNED at Beaumont, Texas, this 12th day of May, 2017.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE