| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| *versus* | § | CASE NO. 4:16-CR-25(2) |
| | § | |
| JERMAINE WEBSTER HARRIS | § | |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION IN LIMINE**

Pending before the court is Defendant Jermaine Webster Harris's ("Harris") Motion in Limine (#149). Having considered the motion, the submissions of the parties, and the applicable law, the court is of the opinion that this motion should be DENIED.

I. Discussion

A motion in limine "is not a definitive ruling on the admissibility of evidence." *Pact XPP Tech.*, *AG v. Xilinx*, *Inc.*, No. 2:07-CV-563-RSP, 2012 WL 2774971, at *1 (E.D. Tex. May 13, 2012); *see Craig v. Director*, *TDCJ-CID*, No. 5:07-CV-167, 2013 WL 4711483, at *10 (E.D. Tex. Aug. 30, 2013). Rather, an order granting a motion in limine is an order requiring the proponent of the evidence to approach the bench and seek leave of court prior to offering the disputed evidence at trial. *Pact XPP Tech.*, *AG*, 2012 WL 2774971, at *1. The United States Court of Appeals for the Fifth Circuit has observed that "[m]otions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980). Nonetheless, they are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues. *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir.), *cert. denied*, 535 U.S. 1119 (2002).

Motion in limine rulings "are not binding on the trial judge, however, and the judge may always change [her] mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764 n.3 (2000); *accord Luce v. United States*, 469 U.S. 38, 41 (1984) (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

Harris broadly requests that the Government's counsel approach the bench before attempting to offer evidence about extrinsic offenses, violations, or other acts of misconduct attributable to Harris. The Government has provided notice (#124) under Federal Rule of Evidence 404(b) that it intends to offer evidence of other robberies, burglaries, and other thefts, including a credit card fraud, committed by Harris and his coconspirators during the same time period as the charged conspiracy.[1] Specifically, the Government seeks to introduce evidence of the following acts:

(1) a June 20, 2014, home invasion and robbery in Dallas, Texas allegedly committed by Harris and two co-conspirators;

(2) an August 23, 2014, home invasion and robbery in Lewisville, Texas allegedly committed by Harris and two co-conspirators;

(3) a September 18, 2014, home invasion and robbery in Frisco, Texas allegedly committed by Harris and four co-conspirators;

(4) a June 29, 2015, theft of a woman's purse from her vehicle, after which an individual using an address belonging to Harris's girlfriend, Alexis Oliver ("Oliver"), made an online purchase using the victim's credit card;

(5) a July 1, 2015, burglary of a residence, after which Corey Perry ("Perry"), Harris's friend, allegedly pawned the firearms; and

---

[1] The Government maintains that this evidence is intrinsic to the crimes alleged in the First Superseding Indictment; however, it filed the notice under Rule 404(b) in the event that the court finds that these acts are extrinsic.

(6) a July 25, 2015, home invasion and carjacking, allegedly committed by Harris and two co-conspirators and for which Harris was indicted.

It is well settled that Rule 404(b) does not apply to other act evidence that is intrinsic to the crime charged. *See United States v. Lockhart*, 844 F.3d 501, 501 (5th Cir. 2016); *United States v. Guerrero*, 768 F.3d 351, 365 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 1548 (2015); *United States v. Stephens*, 571 F.3d 401, 410 (5th Cir. 2009). Other act evidence is intrinsic "when it and evidence of the crime charged are inextricably intertwined or both acts are part of a single criminal episode." *United States v. Kinchen*, 729 F.3d 466, 471 (5th Cir. 2013). "Intrinsic evidence is 'admissible to complete the story of the crime by proving the immediate context of events in time and place.'" *Id.* (citing *United States v. Coleman*, 78 F.3d 154, 156 (5th Cir.), *cert. denied*, 519 U.S. 891 (1996)). Intrinsic evidence is also admissible to permit the jury to "evaluate all of the circumstances under which the defendant acted." *United States v. Rice*, 607 F.3d 133, 141 (5th Cir.), *cert. denied sub nom. Cormier v. United States*, 562 U.S. 941 (2010) (citing *United States v. Randall*, 887 F.2d 1262, 1268 (5th Cir. 1989)). Evidence is intrinsic to a conspiracy if it is relevant to establishing how the conspiracy came about and how it was structured. *See United States v. Watkins*, 591 F.3d 780, 785 (5th Cir. 2009).

The Government maintains that the additional acts are intrinsic to the crimes alleged in the indictment. The court agrees. The acts that the Government seeks to introduce were committed at or shortly before the conspiracy alleged in the First Superseding Indictment. Furthermore, the additional acts are factually nearly identical to the crimes charged. Accordingly, and because the Government maintains that the evidence shows that Harris admitted to the alleged crimes, they appear to be admissible, and Harris's request is DENIED. *See Rice*, 607 F.3d at 141; *United States v. Williams*, 277 F. App'x 472, 475 (5th Cir. 2008).

In the event such convictions and acts are not intrinsic to the conspiracy alleged, but are extrinsic, admissibility turns on the application of Rule 404(b). *See United States v. Charles*, 366 F. App'x 532, 537 (5th Cir.), *cert. denied*, 561 U.S. 1018 (2010) (holding that a prior conviction for distribution of cocaine, like other convictions, was extrinsic evidence that therefore required a balancing of the probative value and unfair prejudice); *see also United States v. Crawley*, 533 F.3d 349, 353-54 (5th Cir.), *cert. denied*, 555 U.S. 1007 (2008); *United States v. Jackson*, 339 F.3d 349, 354 (5th Cir. 2003). Federal Rule of Evidence 404(b) requires that "on request by a defendant in a criminal case, the prosecutor must provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and do so before trial—or during trial if the court, for good cause, excuses lack of pretrial notice." FED. R. EVID. 404(b). The Government filed its 404(b) Notice (#124) on April 24, 2017, and thus provided reasonable notice of its intent to use this extrinsic evidence in advance of trial.

Moreover, "[e]vidence admitted under Rule 404(b) may relate to conduct occurring either *before or after* the charged offense." *United States v. Davis*, 636 F.3d 1281, 1298 (10th Cir. 2011) (emphasis in original); *accord United States v. Spears*, No. 11-30965, 2013 WL 5530536, at *1 (5th Cir. Oct. 8, 2013). Indeed, "[a]lthough acts admissible under [Rule 404(b)] generally occur prior to the charged crime, evidence of subsequent acts may also be admitted." *United States v. Flores*, 217 F. App'x 346, 347 (5th Cir. 2007); *accord United States v. Sarr*, 441 F. App'x 178, 179 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 1157 (2012) ("It is of no moment that the bad acts sought to be admitted occurred subsequent to the conduct charged in the indictment."). Further, courts have concluded that subsequent actions by the defendant may be probative of intent or knowledge in the charged offense. *See, e.g.*, *Spears*, 2013 WL 5530536,

at *1 (stating that "evidence of subsequent involvement in drug distribution was relevant to [the defendant's] intent" in a prosecution for possession with the intent to distribute cocaine and "was not inherently prejudicial"); *Sarr*, 441 F. App'x at 179-80 (affirming district court's admission of evidence that defendant was subsequently found to be in possession of counterfeit debit cards in a case involving numerous violations of 18 U.S.C. § 1029, including § 1029(a)(3)); *Flores*, 217 F. App'x at 347 (affirming the district court's admission of defendant's mid-trial arrest for selling cocaine in a drug conspiracy case, stating that the act "was relevant to her intent to commit the charged crime"). In addition, the fact that Harris was not convicted of the alleged extraneous acts does not make his prior conduct inadmissible. *See United States v. Scott*, 677 F.3d 72, 78 (2d Cir. 2012) (stating that Rule 404(b) is not limited to evidence of crimes or wrongs," and "extends to non-criminal acts or wrongs").

In the case at bar, Harris was charged with conspiracy to use, carry, or possess firearms during, in relation to, and in furtherance of a crime of violence, as well as a number of weapons charges, to which he pleaded not guilty. Extrinsic evidence under Rule 404(b) is admissible if: (1) it is relevant under Rule 401 to an issue other than the defendant's character, and (2) its probative value is not substantially outweighed by its prejudicial effect under Rule 403. *United States v. Melendez-Jimenez*, 667 F. App'x 856, 856 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 674 (2017) (citing *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978), *cert. denied*, 440 U.S. 920 (1979)); *Kinchen*, 729 F.3d at 471; *United States v. Hamilton*, 723 F.3d 542, 547 (5th Cir. 2013); *Crawley*, 553 F.3d at 354; *United States v. Morgan*, 505 F.3d 332, 339 (5th Cir. 2007). The government "maintain[s] the burden of demonstrating—in every case—that a prior conviction is relevant and admissible under 404(b)." *United States v. Wallace*, 759 F.3d 486, 494

5

(5th Cir. 2014); *see United States v. Yeagin*, 927 F.2d 798, 803 (5th Cir. 1991) ("A trial judge faced with the problem of admissibility of other crimes evidence should exercise caution and should require the government to explain why the evidence is relevant and necessary on a specific element that the government must prove.").

"[I]n a conspiracy case[,] the mere entry of a not guilty plea raises the issue of intent sufficiently to justify the admissibility of extrinsic offense evidence." *United States v. Prati*, 861 F.2d 82, 86 (5th Cir. 1988); *see United States v. Castro-Flores*, 648 F. App'x 480, 483 (5th Cir. 2016); *United States v. Olguin*, 643 F.3d 384, 389-390 (5th Cir.), *cert. denied*, 132 S. Ct. 439 (2011); *United States v. Cockrell*, 587 F.3d 674, 679 (5th Cir. 2009). "In other words, where the prior offense involved the same intent required to prove the charged offense, that prior offense is relevant and [the court is] required only to consider whether the requirements of Rule 403 are met under *Beechum*'s second prong." *Cockrell*, 587 F.3d at 679 (citing *United States v. Broussard*, 80 F.3d 1025, 1040 (5th Cir.), *cert. denied*, 519 U.S. 906 (1996)). The similarity of intent required between the extraneous act and the charged offense means only that the defendant must "indulg[e] himself in the same state of mind in the perpetration of both the extrinsic and charged offenses." *Beechum*, 582 F.2d at 911. To satisfy the first prong, the Government must still show, however, that "the jury could find that the defendant committed the extrinsic offense." *Id.* at 913; FED. R. EVID. 404(b).

Some of the factors the court must consider in determining whether the evidence satisfies the second prong include: (1) "the extent to which the defendant's unlawful intent is established by other evidence"; (2) the "overall similarity of the extrinsic and charged offenses"; and (3) "how much time separates the extrinsic and charged offenses." *United States v. Adair*, 436 F.3d

520, 526 (5th Cir.), *cert. denied*, 547 U.S. 115 (2006) (quoting *Beechum*, 582 F.2d at 915); *accord United States v. Pruett*, 681 F.3d 232, 244 (5th Cir. 2012); *United States v. Watson*, 433 F. App'x 284, 287 (5th Cir.), *cert. denied*, 565 U.S. 1070 (2011); *see also Kinchen*, 729 F.3d at 473 (also considering the government's need for the extrinsic evidence). "[W]hat counts as the Rule 403 'probative value' of an item of evidence, as distinct from its Rule 401 'relevance,' may be calculated by comparing evidentiary alternatives." *Jackson*, 339 F.3d at 356 (quoting *Old Chief v. United States*, 519 U.S. 172, 184 (1997)). "Probity in this context is not an absolute; its value must be determined with regard to the extent to which the defendant's unlawful intent is established by other evidence, stipulation, or inference . . . . Thus, if the [g]overnment has a strong case on the intent issue, the extrinsic offense may add little and consequently will be excluded more readily." *Beechum*, 562 F.2d at 914.

In this instance, the prior crimes required Harris to possess a similar state of mind as the offenses alleged in the indictment. *See United States v. Porter*, No. 12-198, 2013 WL 5673607, at *12 (E.D. La. Oct. 17, 2013) (evidence of four prior bank robberies was admissible as intrinsic evidence of the conspiracy, or in the alternative, as extrinsic evidence going to show identity and intent). By pleading not guilty, Defendant placed his knowledge and intent at issue and the prior incidents of theft, home invasion, robbery, and burglary are probative of his familiarity with and mind set to engage in such activities. Therefore, the first prong of the *Beechum* test is satisfied. *See also United States v. Pena*, 418 F. App'x 335, 343 (5th Cir. 2011) (extrinsic evidence of fraudulent visa applications filed by defendant's company after charged conspiracy concluded was probative of defendant's intent to conspire to commit visa fraud and other offenses); *Cockrell*, 587 F.3d at 679 *(*evidence of previous indictment for conspiracy to possess with the intent to distribute

7

heroin admissible in later prosecution for conspiracy to possess with intent to distribute heroin resulting in serious bodily injury); *United States v. Richards*, 204 F.3d 177, 200 (5th Cir.), *cert. denied*, 531 U.S. 826 (2000) (evidence of other fraudulent transactions was admissible to show intent to engage in conspiracy to commit wire and mail fraud); *Broussard*, 80 F.3d at 1040 (evidence of prior conviction for conspiring with intent to distribute marijuana probative of intent in later charge of conspiring to possess cocaine with intent to distribute); *United States v. McMahon*, 592 F.2d 871, 873 (5th Cir.), *cert. denied*, 442 U.S. 921 (1979) ("engaging in the transportation of illegal aliens requires the defendant to possess the same state of mind as agreeing with others to do the same").

Further, there is no suggestion that the Government would be unable to present sufficient evidence for the jury to find that the defendant committed the extrinsic acts. The Government's proposed witnesses include the testimony of a number of Harris's co-conspirators who will testify as to Harris's involvement, the testimony of a number of investigators involved in the incidents, as well as Harris's own recorded statement in which he admitted to the extrinsic conduct. Therefore, the first prong of the *Beechum* test is satisfied.

The evidence also satisfies the second prong of the *Beechum* test because the probative value of the proffered evidence does not appear to be substantially outweighed by the danger of unfair prejudice. The Government concedes that its case against Harris is not overwhelming and is subject so strong attack because the evidence against him is circumstantial and relies heavily on the testimony of co-conspirators. Moreover, the Fifth Circuit has recognized the uniquely difficult task of proving "intent" in conspiracy charges. *See United States v. Roberts*, 619 F.2d 379, 382 (5th Cir. 1980) ("The offense of conspiracy requires an element of intent or knowledge which is

8

often difficult to prove."). Accordingly, the first factor favors the Government because Harris's prior conduct is probative of his intent to further the object of the instant conspiracy.

Second, the offenses are quite similar. "Similarity is relevant because the more similar the uncharged activity is to the charged offense, the more probative it is." *See United States v. Dillon*, 532 F.3d 379, 389 (5th Cir. 2008).

Third, the extraneous offenses occurred between June 2014 and July 2015, shortly before and during the time alleged in the indictment in this case and, therefore, not too remote in time. *United States v. Sarr*, 678 F. Supp. 2d 433, 435 (E.D. Va. 2010), *aff'd*, 441 F. App'x 178 (4th Cir. 2011) (stating that "the degree of similarity between the indicted acts and the proffered acts renders the passage of time between them less consequential"). Finally, the jury may place the appropriate weight on the evidence, and any undue prejudice may be remedied with a proper jury instruction. Therefore, the Government has fulfilled the second prong of the *Beechum* test.

Consistent with the foregoing authorities, Harris's prior conduct is relevant to intent and issues other than his character, such as motive, plan, knowledge, identity, absence of mistake, or lack of accident in the instant case. In addition, the probative value of the proffered evidence does not appear to be substantially outweighed by the danger of unfair prejudice, confusion, or delay. *See Sarr*, 441 F. App'x at 179-80 (finding no abuse of discretion where district court admitted evidence that defendant subsequently possessed counterfeit debit cards in a case involving numerous violations of 18 U.S.C. § 1029, including § 1029(a)(3), and stating that "[t]he evidence was relevant, necessary and reliable and the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice"); *United States v. Komolafe,* 246 F. App'x 806, 812 n.5 (3d Cir. 2007) (finding no abuse of discretion on the part of the district court in admitting

9

testimony regarding prior credit card misconduct in prosecution under 18 U.S.C. § 1029(a)(3) and stating that the evidence "helped to establish [the defendant's] access to fraudulently obtained identification information; knowledge of how to open bank accounts using that information; knowledge of how to obtain fraudulent deposits; identity as the individual that did the scheme and used the fraudulently obtained identification information; and that he did not accidentally become involved or mistakenly play a role in the conduct charged in the indictment, but that he acted with intent to defraud"); *United States v. Ajiboye*, No. 98-50301, 1999 WL 1211661, at *2 (9th Cir. Dec. 16, 1999), *cert. denied*, 529 U.S. 1011 (2000) (affirming district court's decision to admit evidence of defendant's prior arrest as relevant to knowledge and intent to defraud, where both the arrest and the charged offense involved the illegal possession of credit cards). Therefore, Harris's request for a motion in limine against the extraneous acts is DENIED.

Next, Harris asks the court to grant his motion in limine with regard to any evidence requested by him that the Government failed to provide. Because Harris's motion constitutes a broad, "shotgun" request and is devoid of specific facts or issues that are likely to arise at trial, the court is unable to make an informed ruling. *See Garcia v. Hackman*, No. C-10-311, 2012 WL 401042, at *3 (S.D. Tex. Feb. 6, 2012); *Estate of Wilson v. Mariner Health Care, Inc.*, No. 2:07-CV-55, 2008 WL 5255819, at *1 (N.D. Miss. Dec. 16, 2008). Accordingly, this request is DENIED.

Finally, Harris has requested that the court grant him and his counsel at least 30 minutes after any cooperating co-defendant testifies to review any *Giglio* materials provided by the Government. The Government has advised the court in its response that all such information has

already been provided to Harris's counsel. Accordingly, Harris's request for additional time during trial in which to review such material is DENIED.

SIGNED at Beaumont, Texas, this 12th day of May, 2017.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE