| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | CASE NO. 4:16-CR-25(2) |
| | § | |
| JERMAINE WEBSTER HARRIS | § | |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR ACQUITTAL**

Pending before the court is Defendant Jermaine Webster Harris's ("Harris") Motion for a Judgment of Acquittal (#199). Having considered the motion, the submissions of the parties, the record, and the applicable law, the court is of the opinion that the motion should be DENIED.

I. Background

Harris was indicted on February 11, 2016, and again on October 12, 2016, for 17 counts relating to a series of armed home invasions committed in the Eastern District of Texas: (1) one count of conspiracy to use or carry a firearm during and in relation to a crime of violence or to possess a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(o); (2) one count of conspiracy to commit theft of firearms, in violation of 18 U.S.C. § 371; (3) one count of conspiracy to possess stolen firearms, in violation of 18 U.S.C. § 371; (4) two counts of carjacking, in violation of 18 U.S.C. § 2119; (5) two counts of using or carrying a firearm during and in relation to a crime of violence or possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c); (6) five counts of theft of a firearm, in violation of 18 U.S.C. § 924(l); (7) and five counts of possession of a stolen firearm, in violation of 18 U.S.C. § 922(j). Doc. No. 68. A jury found Harris guilty on all 17 counts of the First Superseding Indictment on May 25, 2017. Harris filed the instant motion on June 8, 2017.

II. Discussion

Rule 29 of the Federal Rules of Criminal Procedure provides that "[a] defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." FED. R. CRIM. P. 29(c). In considering a motion for a judgment of acquittal, the court determines "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original); *accord Coleman v. Johnson*, 566 U.S. 650, 132 S. Ct. 2060, 2064 (2012); *United States v. Terrell*, 700 F.3d 755, 760 (5th Cir. 2012*)*; *United States v. Thomas*, 690 F.3d 358, 366 (5th Cir.), *cert. denied*, 133 S. Ct. 673 (2012). "The trial court may not substitute its own subjective interpretation of the evidence for that of the jury's." *United States v. Varkonyi*, 611 F.2d 84, 85 (5th Cir.), *cert. denied*, 446 U.S. 945 (1980) (citing *United States v. Burns*, 597 F.2d 939, 941 (5th Cir. 1979)). Indeed, the court must "consider the evidence in the light most favorable to the government, drawing 'all reasonable inferences and credibility choices in support of the verdict.'" *United States v. Demmitt*, 706 F.3d 665, 677 (5th Cir. 2013); *accord United States v. Anderson*, 559 F.3d 348, 535 (5th Cir.), *cert. denied*, 557 U.S. 913 (2009). Moreover, "[t]he evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilty, and the jury is free to choose among reasonable constructions of the evidence." *United States v. Lopez*, 74 F.3d 575, 577 (5th Cir.), *cert. denied*, 517 U.S. 1228 (1996); *accord United States v. Meza*, 701 F.3d 411, 418 (5th Cir. 2012). "A court 'faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any

such conflicts in favor of the prosecution, and must defer to that resolution.'" *United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (*en banc*) (quoting *Jackson*, 443 U.S. at 319). Therefore, "the only question . . . is whether [the jury's] finding was so insupportable as to fall below the threshold of bare rationality." *Coleman*, 132 S. Ct. at 2065.

Harris asserts that the evidence presented at trial was insufficient to support any of the 17 counts of which he was convicted. The Government responds that Harris waived his argument as to sufficiency of the evidence by not specifying the grounds on which the argument was based in the motion itself. Nonetheless, "Rule 29 motions need not be specific." *United States v. McCall*, 553 F.3d 821, 830 (5th Cir. 2008) (citing *Huff v. United States*, 273 F.2d 56, 60 (5th Cir. 1959)), *cert. denied*, 556 U.S. 1195 (2009). Upon review of the record, however, the court finds that the evidence presented by the Government at trial, viewed in the light most favorable to the Government, was sufficient to support the jury's verdict of guilty on all 17 counts of the First Superseding Indictment.

Harris elaborates in his reply that his involvement in the 17 counts was supported only by the testimony of four of his co-conspirators, none of whom, according to Harris, were credible. First, this assertion is inaccurate. The jury in this case heard evidence not only in the form of testimony from Harris's co-conspirators but also received other corroborating evidence, including data about Harris's cell phone location during the offenses; text and other electronic communications between Harris and his co-conspirators while planning the offenses; Harris's Internet search history wherein he researched wealthy neighborhoods in the areas in which the offenses were committed; and, importantly, his instructions to his mother to dispose of a pair of

his boots containing a handgun that was determined to be stolen from Victor Lauerdorf, a victim in this case.[1] This handgun was listed in Counts 16 and 17 of the First Superseding Indictment.

Moreover, although Harris disputes the credibility of his co-conspirators, the jury was entitled to find—and apparently did find—these individuals sufficiently credible to convict Harris based on their testimony. Thus, Harris's motion is without merit.

III. Conclusion

Based on the foregoing reasoning and analysis, Harris's motion for a judgment of acquittal (#199) is DENIED.

SIGNED at Beaumont, Texas, this 31st day of July, 2017.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

---

[1] Harris's mother, Nancy Jo Russell, first told investigators that Harris instructed her to throw away the boots; however, at trial, she testified that Harris gave the instructions to a third party, who then passed the instructions on to her.